1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LA LUZ GARCIA DE CARRILLO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:22-cv-00428-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING PLAINTIFF TO PAY THE FILING FEE<br><br>(ECF No. 4.)<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff Maria De La Luz Garcia de Carrillo ("Plaintiff") filed a complaint on April 12, 2022, challenging a final decision of the Commissioner of Social Security denying her application for disability benefits.  Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)  On April 14, 2022, the Court denied Plaintiff's initial IFP application without prejudice to filing a long form IFP application.  (ECF No. 3.)  Presently before the Court is Plaintiff's May 10, 2022 renewed motion to proceed IFP.  (ECF No. 4.)

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that she "is unable to pay such fees or give security therefor."  28

U.S.C. § 1915(a)(1).  The right to proceed without prepayment of fees in a civil case is a privilege and not a right.  <u>Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council</u>, 506 U.S. 194, 198 n.2 (1993); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process").  A plaintiff need not be absolutely destitute to proceed IFP, but her poverty must prevent her from paying the filing fee and providing herself and her dependents (if any) with the necessities of life.  <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 339–40 (1948).

In assessing whether a certain income level meets the poverty threshold under §1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.  <u>See</u>, <u>e.g.</u>, <u>Boulas v. U.S. Postal Serv.</u>, No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application); <u>see also</u> <u>Paco v. Myers</u>, No. 13-00701 ACK-RLP, 2013 WL 6843057 (D. Haw. Dec. 26, 2013); <u>Lint v. City of Boise</u>, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).  Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion.  <u>Escobedo v. Applebees</u>, 787 F.3d 1226, 1236 (9th Cir. 2015); <u>see also</u> <u>U.S. v. McQuade</u>, 647 F.2d 938, 940 (9th Cir. 1981) (the court has discretion to make a factual inquiry into a plaintiff's financial status and deny an IFP application if she is unable or unwilling to verify her poverty).  Further, "[t]he Court is entitled to consider the economic priority Plaintiff placed on the use of [her] money, received from any source."  <u>Evans v. Sherman</u>, No. 1:19-cv-00760-LJO-JLT (PC), 2019 WL 5377040, at *2 (E.D. Cal. Aug. 21, 2019) (citing <u>Olivares v. Marshall</u>, 59 F.3d 109, 112 (9th Cir. 1995)); <u>see also</u> <u>Kurz v. Zahn</u>, No. 1:11-cv-00342-EJL-MHW, 2012 WL 4458128, at *2 (D. Idaho Apr. 13, 2012) ("Nor can all the items included on her list of monthly obligations, even generously construed, be considered as the 'necessaries of life.' ").

Plaintiff indicates she has no employment history for the past two years; it is unclear whether Plaintiff has ever worked.  Her spouse earns a monthly gross salary of $1,365 and receives monthly EBT assistance of $790, for a total monthly income of $2,155 (*i.e.*, $25,860

annual gross).   (ECF No. 2 at 1–2.)   The Court may consider Plaintiff's spouse's financial resources in determining whether she is entitled to IFP status.   See Escobedo, 787 F.3d at 1236. Plaintiff and her spouse also have a fourteen-year-old dependent son.   (Id. at 3.)   It appears all household expenses for the three individuals is provided in the expenses section of the long form application.   (Id. at 4–5.)   Regardless, Plaintiff's annual household income remains greater than the 2022 federal poverty guideline for a household of three ($23,030) persons.   See 2022 Poverty Guidelines, https://aspe.hhs.gov/poverty-guidelines (last visited May 11, 2022).

Furthermore, the Court notes Plaintiff's monthly household income exceeds her monthly expenses,[1] Plaintiff's spouse currently holds $400 in a checking account, and Plaintiff indicates she and her spouse currently own a home worth approximately $269,000 as well as two cars — a 2003 Silverado and a 2005 Lincoln Navigator.   (ECF No. 4 at 3); see Lintz v. Donahoe, No. 2:14-cv-0224-JAM-DAD PS, 2014 WL 1338782, at *1 (E.D. Cal. Apr. 2, 2014) (denying IFP status where plaintiff had $3,000 in savings even though expenses exceeded income); Badillo v. Comm'r of Soc. Sec., No. 1:20-cv-00393-SAB, 2020 WL 2494575, at *2 (E.D. Cal. May 14, 2020) (recommending denial of application where internal inconsistencies of reported income and expenses did not suggest plaintiff was living in poverty).   Plaintiff does not have any monthly mortgage payment expenses because the house is fully paid off, and while Plaintiff declines to indicate the value of her two vehicles, it appears they are fully paid off as well.   (See id. at 3–5.) These assets, as well as Plaintiff's purported household expenses, do not suggest that Plaintiff is living in poverty.   These facts, in addition to the gap between Plaintiff's household income and the federal poverty line for a household of three, suggest an ability to pay the $402 filing fee without sacrificing the necessities of daily life.

> To be sure, the court is sympathetic to the fact that plaintiff does not have a "large" income, and also has several expenses to contend with.   However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court.   Such difficulties in themselves

---

[1] The Court notes Plaintiff states her total monthly income is $2,288.   (ECF No. 4 at 5.)   However, an independent review of Plaintiff's listed expenses reveals the sum total of all of Plaintiff's claimed monthly expenses actually totals $1,993.   (See id. at 4–5.)

do not amount to indigency.[2]

<u>Core v. Cal. Controllers Off.</u>, No. 2:18-cv-0155-MCE-KJN PS, 2018 WL 1569416, at *1 (E.D. Cal. Mar. 30, 2018) (denying IFP); <u>see also</u> <u>Shoaga v. Nelson</u>, No. 2:21-cv-1953-JAM-CKD, 2021 WL 5566747, at *1 (E.D. Cal. Nov. 29, 2021), <u>report and recommendation adopted,</u> 2021 WL 6052196 (E.D. Cal. Dec. 21, 2021) (same).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to randomly assign this matter to a District Judge.

Further, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application to proceed *in forma pauperis* be DENIED (ECF No. 4); and

2.  Plaintiff be ordered to pay the $402.00 filing fee in full in order to proceed with this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of issuance of this recommendation, Plaintiff may file written objections to the findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If Plaintiff submits objections, she is expected to address the discrepancy regarding the listed income and expenses, and to further address the discrepancy between the value of assets owned (including potential equity in a fully-owned house) in relation to a claim of entitlement to proceed IFP.  Alternatively, Plaintiff may elect to pay the required filing fee.

///
///
///
///
///
///

---

[2] This Court respectfully adds quotation marks to the characterization of the <u>Shoaga</u> and <u>Core</u> plaintiffs' incomes as "not large," where Shoaga's total net annual income was nearly five times the poverty guideline and Core's annual income was over three and a half times the poverty guideline.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 11, 2022**

_____
UNITED STATES MAGISTRATE JUDGE