# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA DE LA LUZ GARCIA DE CARRILLO,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 1:22-cv-00428-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF'S SOCIAL SECURITY APPEAL, AND REMANDING ACTION FOR FURTHER PROCEEDINGS<br><br>(ECF Nos. 18, 19, 20) |

## I.

## INTRODUCTION

Maria De La Luz Garcia de Carrillo ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' cross-motions for summary judgment, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for the award of benefits or further proceedings, arguing: (1) the Administrative Law Judge improperly

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been assigned to Magistrate Judge Stanley A. Boone for all purposes.  (See ECF Nos. 11, 12, 21.)

rejected the opinions of Dr. Xin Ling Lao ("Dr. Lao"), and Nurse Practitioner Rafael Teran ("NP Teran"); and (2) the Administrative Law Judge failed to provide clear and convincing reasons for rejecting Plaintiff's subjective complaints.

For the reasons explained herein, Plaintiff's motion for summary judgment shall be granted, Defendant's cross-motion for summary judgment shall be denied, Plaintiff's social security appeal shall be granted, and this matter is remanded for further proceedings.

## II.

## BACKGROUND

### A.    Procedural History

On May 6, 2019, Plaintiff filed a Title II application for a period of disability insurance benefits, alleging a period of disability beginning on October 1, 2018.  (AR 21, 206.)  Plaintiff's applications were initially denied on June 24, 2019, and denied upon reconsideration on September 16, 2019.  (AR 91-100, 102-110.)  Plaintiff requested and received a hearing before Administrative Law Judge Debra J. Denney (the "ALJ").  Plaintiff appeared for a hearing before the ALJ on March 9, 2021.  (AR 37-57.)  On April 20, 2021, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 21-36.)  On February 11, 2022, the Appeals Council denied Plaintiff's request for review.  (AR 1-5.)

On April 12, 2022, Plaintiff filed this action for judicial review.  (ECF No. 1.)  On September 22, 2022, Defendant filed the administrative record ("AR") in this action.  (ECF No. 15.)  Following an extension of the briefing schedule, on January 6, 2023, Plaintiff filed a motion for summary judgment.  (Pl.'s Opening Br. ("Br."), ECF No. 18.)  On February 21, 2023, Defendant filed an opposition brief and motion for cross-summary judgment.  (Def.'s Opp'n ("Opp'n"), ECF No. 19.)  On March 8, 2023, Plaintiff filed a reply brief.  (ECF No. 20.)

### B.    The ALJ's Findings of Fact and Conclusions of Law

The ALJ made the following findings of fact and conclusions of law as of the date of the decision, April 20, 2021:

1.  The claimant last met the insured status requirements of the Social Security Act on December 31, 2018.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2018 through her date last insured of December 31, 2018 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairments: benign meningioma left optic nerve sheath, s/p treatment for same as of the date of hearing; and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. Through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds occasionally and 10 lbs frequently; stand and walk 6 hours in an eight hour day with standard breaks; occasionally stoop; no crouch, or crawl; frequently balance; no ladders, ropes, or scaffolds or unprotected heights; no fast moving machinery; but frequent ability to climb ramps and stairs.  This individual could perform simple, routine, repetitive work; interact appropriately with coworkers and supervisor with occasional contact with the public; ask and answer questions; accept constructive criticism; and begin work timely.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on March 28, 1976 and was 42 years old, which is defined as a younger individual age 18-49, on the date last insured (20 CFR 404.1563).

8. The claimant has a marginal education (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in

significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 1, 2018, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(g)).

(AR 23-30.)

### III.

### LEGAL STANDARD

#### A.   The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[2] which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Social Security Regulations set out a five-step sequential evaluation process to be used in determining if a claimant is disabled.  20 C.F.R. § 404.1520;[3] Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004).  The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work?  If so, proceed to step three.  If not, the claimant is not disabled.

> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1?  If so, the claimant is disabled.  If not, proceed to step four.

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

[3] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, while Plaintiff seeks only Social Security benefits under Title II in this case, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006). The burden of proof is on the claimant at steps one through four. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020). A claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e); Nowden v. Berryhill, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, available at 1996 WL 374184 (Jul. 2, 1996).[4] A determination of RFC is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(d)(2) (RFC is not a medical opinion); 404.1546(c) (identifying the ALJ as responsible for determining RFC). "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001).

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational

---

[4] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

1  Guidelines ("grids"), or rely upon the testimony of a VE.  See 20 C.F.R. § 404 Subpt. P, App. 2;

2  Lounsbury, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).

3  "Throughout the five-step evaluation, the ALJ is responsible for determining credibility,

4  resolving conflicts in medical testimony, and for resolving ambiguities.' " Ford, 950 F.3d at

5  1149 (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

6         **B.**    **Standard of Review**

7       Congress has provided that an individual may obtain judicial review of any final decision

8  of the Commissioner of Social Security regarding entitlement to benefits.  42 U.S.C. § 405(g).

9  In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised

10  by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir.

11  2001).  Further, the Court's review of the Commissioner's decision is a limited one; the Court

12  must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42

13  U.S.C. § 405(g); Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019).  "Substantial evidence is

14  relevant evidence which, considering the record as a whole, a reasonable person might accept as

15  adequate to support a conclusion."  Thomas v. Barnhart (Thomas), 278 F.3d 947, 954 (9th Cir.

16  2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995));

17  see also Dickinson v. Zurko, 527 U.S. 150, 153 (1999) (comparing the substantial-evidence

18  standard to the deferential clearly-erroneous standard).  "[T]he threshold for such evidentiary

19  sufficiency is not high."  Biestek, 139 S. Ct. at 1154.  Rather, "[s]ubstantial evidence means

20  more than a scintilla, but less than a preponderance; it is an extremely deferential standard."

21  Thomas v. CalPortland Co. (CalPortland), 993 F.3d 1204, 1208 (9th Cir. 2021) (internal

22  quotations and citations omitted); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

23  Even if the ALJ has erred, the Court may not reverse the ALJ's decision where the error is

24  harmless.  Stout, 454 F.3d at 1055–56.  Moreover, the burden of showing that an error is not

25  harmless "normally falls upon the party attacking the agency's determination."  Shinseki v.

26  Sanders, 556 U.S. 396, 409 (2009).

27       Finally, "a reviewing court must consider the entire record as a whole and may not affirm

28  simply by isolating a specific quantum of supporting evidence."  Hill v. Astrue, 698 F.3d 1153,

1159 (9th Cir. 2012) (quoting <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006)).
Nor may the Court affirm the ALJ on a ground upon which he did not rely; rather, the Court may
review only the reasons stated by the ALJ in his decision.  <u>Orn v. Astrue</u>, 495 F.3d 625, 630 (9th
Cir. 2007); <u>see also</u> <u>Connett v. Barnhart</u>, 340 F.3d 871, 874 (9th Cir. 2003).  Nonetheless, it is
not this Court's function to second guess the ALJ's conclusions and substitute the Court's
judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational
interpretation, it is the ALJ's conclusion that must be upheld."  <u>Ford</u>, 950 F.3d at 1154 (quoting
<u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)).

**IV.**

**DISCUSSION AND ANALYSIS**

Plaintiff presents two main challenges: (1) the Administrative Law Judge improperly
rejected the opinions of Dr. Xin Ling Lao ("Dr. Lao"), and Nurse Practitioner Rafael Teran ("NP
Teran"); and (2) the Administrative Law Judge failed to provide clear and convincing reasons for
rejecting Plaintiff's subjective complaints.  For the reasons explained below, the Court finds the
ALJ erred by not considering the opinion of NP Teran, warranting remand, and the Court need
not specifically address the other arguments as the ALJ will consider all of the evidence
including the omitted analysis as to NP Teran, and issue a new decision.

**A.**   **The ALJ Erred in Not Addressing NP Teran's Medical Opinion**

1.   <u>Legal Standards</u>

Where, as here, a claim is filed after March 27, 2017, the revised Social Security
Administration regulations apply to the ALJ's consideration of the medical evidence.  <u>See</u>
<u>Revisions to Rules Regarding the Evaluation of Medical Evidence (Revisions)</u>, 82 Fed. Reg.
5844-01, 2017 WL 168819, at *5844 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  Under the updated
regulations, the agency "will not defer or give any specific evidentiary weight, including
controlling weight, to any medical opinion(s) or prior administrative medical finding(s),
including those from [the claimant's own] medical sources."  20 C.F.R. §§ 404.1520c(a);
416.920c(a).  Thus, the new regulations require an ALJ to apply the same factors to all medical
sources when considering medical opinions, and no longer mandate particularized procedures

1    that the ALJ must follow in considering opinions from treating sources.  See 20 C.F.R. §

2    404.1520c(b) (the ALJ "is not required to articulate how [he] considered each medical opinion or

3    prior administrative medical finding from one medical source individually."); Trevizo v.

4    Berryhill, 871 F.3d 664, 675 (9th Cir. 2017).  As recently acknowledged by the Ninth Circuit,

5    this means the 2017 revised Social Security regulations abrogate prior precedents requiring an

6    ALJ to provide "clear and convincing reasons" to reject the opinion of a treating physician where

7    uncontradicted by other evidence, or otherwise to provide "specific and legitimate reasons

8    supported by substantial evidence in the record, " where contradictory evidence is present.

9    Woods v. Kijakazi, 32 F.4th 785, 788–92 (9th Cir. 2022).

10           Instead, "[w]hen a medical source provides one or more medical opinions or prior

11   administrative medical findings, [the ALJ] will consider those medical opinions or prior

12   administrative medical findings from that medical source together using" the following factors:

13   (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; [and] (5)

14   other factors that "tend to support or contradict a medical opinion or prior administrative medical

15   finding."  20 C.F.R. §§ 404.1520c(a), (c)(1)–(5).  The most important factors to be applied in

16   evaluating the persuasiveness of medical opinions and prior administrative medical findings are

17   supportability and consistency.  20 C.F.R. §§ 404.1520c(a), (b)(2).  Regarding the supportability

18   factor, the regulation provides that the "more relevant the objective medical evidence and

19   supporting explanations presented by a medical source are to support his or her medical

20   opinion(s), the more persuasive the medical opinions … will be."  20 C.F.R. § 404.1520c(c)(1).

21   Regarding the consistency factor, the "more consistent a medical opinion(s) is with the evidence

22   from other medical sources and nonmedical sources in the claim, the more persuasive the

23   medical opinion(s) … will be."  20 C.F.R. § 404.1520c(c)(2).

24           Accordingly, the ALJ must explain in her decision how persuasive she finds a medical

25   opinion and/or a prior administrative medical finding based on these two factors.  20 C.F.R. §

26   404.1520c(b)(2).  The ALJ "may, but [is] not required to, explain how [she] considered the

27   [other remaining factors]," except when deciding among differing yet equally persuasive

28   opinions or findings on the same issue.  20 C.F.R. §§ 404.1520c(b)(2)–(3).  Further, the ALJ is

"not required to articulate how [she] considered evidence from nonmedical sources."  20 C.F.R. § 404.1520c(d).  Nonetheless, even under the new regulatory framework, the Court still must determine whether the ALJ adequately explained how she considered the supportability and consistency factors relative to medical opinions and whether the reasons were free from legal error and supported by substantial evidence.  See Martinez V. v. Saul, No. CV 20-5675-KS, 2021 WL 1947238, at *3 (C.D. Cal. May 14, 2021).

        2.     <u>The ALJ Erred by Failing to Address the Opinion of NP Teran and the Defendant has not Demonstrated the Error is Harmless</u>

On August 21, 2020, NP Teran completed a mental MSS, concluding Plaintiff's moderate recurrent major depression disorder would be limited as follows, which would preclude performance for 15% or more of an 8-hour workday (15%=72 minutes): remember locations and work-like procedures; understand and remember very short and simple instructions; understand and remember detailed instructions; maintain attention and concentration for extended periods of time; perform activities within a schedule, maintain regular attendance, and be punctual and within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or in proximity to others without being distracted by them; make simple work-related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms, and perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; ask simple questions or request assistance; accept instructions and respond appropriately to critics from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; respond appropriately to change in the work setting; be aware of normal hazards and take appropriate precautions; travel in unfamiliar places or use public transportation; and set realistic goals or make plans independently of others.  (AR 731-733.)  NP Teran further opined Plaintiff would be absent or unable to complete an eight-hour workday for five or more days a month due to her impairments or treatment.  (Id.)

Plaintiff argues that despite this opinion being a part of the evidence of record, the ALJ

1   did not identify it or provide any reasoning whatsoever regarding the opinion. Plaintiff contends

2   this is error as an ALJ is required to consider and explain in the decision how he or she

3   considered the supportability and consistency factors for a medical source's opinion, 20 C.F.R. §

4   404.1520c(a), (b)(2); with respect to claims filed on or after March 27, 2017, physician assistants

5   and licensed advanced practice registered nurses are considered acceptable medical sources for

6   impairments within his or her licensed scope of practice 20 C.F.R. § 404.1502(a)(7) – (a)(8); and

7   that a nurse practitioner is considered a variation of an advanced practice registered nurse,

8   POMS DI 22505.003.

9        In the opposition, Defendant essentially only asserts that the ALJ had no duty to discuss

10  NP Teran's opinion because it fell outside of the relevant time period, and because he did not

11  begin treating Plaintiff until February 6, 2020, several years after the relevant time period, the

12  opinion was therefore neither significant nor probative. See Howard v. Barnhart, 341 F.3d 1006,

13  1012 (9th Cir. 2003) ("ALJ is not required to discuss evidence that is neither significant nor

14  probative"); Baker v. Berryhill, 720 Fed. App'x. 352, 355 (9th Cir. 2017) ("The ALJ did not err

15  by not discussing evidence from three psychologists who evaluated [claimant] prior to her

16  alleged onset date, as ALJs are not required to discuss evidence 'that is neither significant nor

17  probative,' Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003), and medical

18  opinions predating the alleged onset date 'are of limited relevance,' Carmickle v. Comm'r, Soc.

19  Sec. Admin., 533 F.3d 1155, 1165 (9th Cir. 2008)"); see also Cardenas v. Berryhill, 729 Fed.

20  App'x. 610, 611 (9th Cir. 2018) (unpublished) ("Regardless of the time period referenced in the

21  form, Dr. Lawler lacked first-hand knowledge of [claimant's] condition during the relevant

22  period for purposes of finding disability, April 2008—December 2008, as Dr. Lawler did not

23  treat or examine [claimant] within seven months of that period.").[5]  Defendant concludes that

24  because Plaintiff fails to establish NP Teran treated her during the relevant time period, she fails

25  to show establish any basis for reversal and/or remand.

26

27  _____
    [5] The only specific argument presented by Defendant concerning the underlying opinion, is stated in a footnote as follows: "Notably, like Dr. Lao, Mr. Teran's examinations—all of which occurred outside of the relevant time period—did not support his assessed limitations and, to the contrary, revealed entirely normal findings in key areas

28  of physical and mental functioning (see, e.g., AR 1191–92, 1289–30, 1298–99, 1302–04)."  (Opp'n 6 n.3.)

1    In reply, Plaintiff argues the ALJ is required to articulate in the decision how persuasive
2    he or she finds all of the medical opinions and all of the prior administrative medical findings in
3    the case record, 20 C.F.R. § 404.1520c(b), and that "medical evaluations made after the
4    expiration of a claimant's insured status are relevant to an evaluation of the preexpiration
5    condition." Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995).  Plaintiff additionally argues that
6    the cases cited by the Commissioner stand for the proposition that medical evidence and opinions
7    that predate the alleged onset date are "neither significant nor probative" and "are of limited
8    relevance," and here, NP Teran treated the Plaintiff and issued a medical opinion after the
9    alleged onset date and date last insured, and this is a significant difference because evidence that
10   predates the alleged onset date is evidence from before the alleged disability even occurred.

11   The Court's research has revealed greater authority for Plaintiff's position, and against
12   Defendant's proffer, and therefore the Court must find in favor of the Plaintiff.  While Defendant
13   argues the ALJ had no duty to discuss the opinion, essentially only because of the time period in
14   relation to the date of issue, caselaw indicates that would not be a sufficient reason even standing
15   alone, even if the ALJ *had* proffered that reason in the opinion.  The Court additionally declines
16   to find the error harmless.  Defendant does not expressly argue the error would be harmless in
17   the opposition, and to the extent the statement in the footnote, (Opp'n 6 n.3 ("Mr. Teran's
18   examinations—all of which occurred outside of the relevant time period—did not support his
19   assessed limitations and, to the contrary, revealed entirely normal findings in key areas of
20   physical and mental functioning"), is an argument that any error would be harmless, is
21   insufficient for the Court to conclude the error is harmless given the ALJ did not discuss NP
22   Teran's opinion at all.

23   Starting with the older precedent prior to the current regulatory amendments discussed
24   above, as emphasized in Lester, the Ninth Circuit "has specifically held that 'medical evaluations
25   made after the expiration of a claimant's insured status are relevant to an evaluation of the
26   preexpiration condition.' " Lester, 81 F.3d at 832 (quoting Smith v. Bowen, 849 F.2d 1222,

27

28

1225 (9th Cir.1988))).[6]  In <u>Smith</u>, the Ninth Circuit distinguished reports that while dated after

the disability period, looked retroactively at the condition during the relevant time period:

> The district court and the Government rely on two cases for the proposition that evidence of disability occurring or increasing in severity subsequent to the expiration of plaintiff's insured status cannot have retroactive effect. *Waters v. Gardner,* 452 F.2d 855, 858 (9th Cir.1971); *Fyfe v. Finch,* 311 F.Supp. 552, 557 (W.D.Pa.1970). *Waters,* 452 F.2d at 858, merely states that in a case of back injury and disc disease, "[a]ny deterioration in her condition subsequent to [the date of her last coverage] is, of course, irrelevant." *Fyfe,* 311 F.Supp. at 557, holds that "[e]vidence of a disability *occurring* subsequent to the expiration of the plaintiff's insured status cannot have retroactive effect" (emphasis added).
>
> We think it is clear that reports containing observations made after the period for disability are relevant to assess the claimant's disability. *Kemp v. Weinberger,* 522 F.2d 967, 969 (9th Cir.1975). It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis. *Bilby v. Schweiker,* 762 F.2d 716, 719 (9th Cir.1985).
>
> There is considerable authority in the Eighth, Eleventh, Fourth, Second and Seventh Circuits that supports our conclusion, that medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition. *See Parsons v. Heckler,* 739 F.2d 1334, 1340 (8th Cir.1984); *Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir.1984) (in a claim based on diabetes medical evidence of condition subsequent to expiration of insured status is relevant because it may bear upon the severity of condition before expiration); *Poe v. Harris,* 644 F.2d 721, 723 n. 2 (8th Cir.1981) (in a case of disabling back pain evidence subsequent to last date of eligibility "is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date"); *Boyd v. Heckler,* 704 F.2d 1207, 1211 (11th Cir.1983) (that a doctor did not examine the claimant until two years after the expiration of her insured status and then rendered an opinion about an injury which occurred five years earlier "does not render his medical opinion incompetent or irrelevant to the decision in this case"); *Wooldridge v. Secretary of HHS,* 816 F.2d 157, 160 (4th Cir.1987) (medical evaluations made two years subsequent to expiration of insured status are not automatically barred from consideration and may be relevant to prove a previous disability); *Cox v. Heckler,* 770 F.2d 411 (4th Cir.1985) (same); *Branham v. Heckler,* 775 F.2d 1271 (4th Cir.1985) (same); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir.1981) (a diagnosis

---

[6]  In Lester, the Ninth Circuit noted the "Commissioner takes this remark out of context [as] [i]n <u>Vincent,</u> we held that the Commissioner properly rejected the opinion of a psychiatrist who had treated the claimant several years before the relevant period and had not examined him in several years [and] thus does not stand for the proposition that the Commissioner is entitled to reject the treating or examining psychologist's opinion, merely because the onset date of disability was before the first date on which the psychologist saw the claimant."  <u>Lester,</u> 81 F.3d at 832 n.10.

even several years after the actual onset of the impairment is entitled to significant weight); *Stark v. Weinberger*, 497 F.2d 1092, 1097 (7th Cir.1974) (same); *McGee v. Bowen*, 647 F.Supp. 1238, 1249 (N.D.Ill.1986) (evidence and diagnoses from many years after the expiration of insured status are both admissible and relevant); *Hartman v. Bowen*, 636 F.Supp. 129, 132 (N.D.Cal.1986) (although plaintiff has to establish that disability existed prior to the expiration date she is "not confined ... to evidence in existence prior to that date").

Smith, 849 F.2d at 1225–26.

Courts have applied this precedent, including recently after the new regulatory standards were in place, to hold that an ALJ cannot reject medical opinions *solely* because it was issued after the disability period.  See Clark v. Comm'r of Soc. Sec. Admin., No. CV-20-02466-PHX-MTL, 2022 WL 2437763, at *7 (D. Ariz. July 5, 2022) ("Though the timing of an opinion in relation to the DLI is a permissible consideration, an ALJ cannot reject an opinion outright solely because it was rendered after the DLI." (citing Smith, 849 F.2d at 1225–26)); Celia S. V. v. Saul, No. 8:18-CV-01064-AFM, 2019 WL 2719410, at *2 (C.D. Cal. June 28, 2019) (noting Smith "cited with approval decisions where courts in other circuits found that medical reports from years after the expiration of insured status were relevant[,] [t]hat [s]imilarly, courts in this District have held that doctors' opinions from years after the date last insured are relevant, and the failure of ALJs to address those opinions is reversible error . . . [and] [t]hus, the ALJ's failure to discuss Dr. Bleecker's report was error." (citing Smith, 849 F.2d at 1225–26; Galeck v. Berryhill, 2018 WL 4961651, at *6 (C.D. Cal. Oct. 12, 2018))); Voelker v. Kijakazi, No. 1:22-CV-00301-SKO, 2023 WL 3062111, at *7–8 (E.D. Cal. Apr. 24, 2023) (same).

Thus, courts finds the timing of the opinion can be one consideration in weighing the opinion, but not the sole basis for rejection of an opinion issued after the alleged period of disability.  See Clark, 2022 WL 2437763, at *7 ("opinions issued after the DLI are still relevant to the period before the DLI, even if their weight is reduced . . . [i]n other cases, however, the Ninth Circuit has explained that the opinion of a physician who examined a claimant after his insured status expires 'is entitled to less weight than the opinion of a [doctor] who completed a contemporaneous exam[,]' [and] [t]hus, the separation between Clark's DLI and Dr. Hawks' treatment is a proper basis to discount Dr. Hawks' opinion, but not to reject it outright." (quoting

1  <u>Macri v. Chater</u>, 93 F.3d 540, 545 (9th Cir. 1996))).  Specifically, courts have found that "while

2  post-[date last insured] evidence cannot be rejected solely as remote in time, it can be rejected on

3  the grounds that the evidence itself is not retrospective."   <u>Lo v. Kijakazi</u>, No.

4  122CV00524JLTHBK, 2023 WL 4564837, at *5 (E.D. Cal. July 17, 2023) (quoting <u>Boucher v.</u>

5  <u>Colvin</u>, 2013 WL 3778891, at *2-3 (W.D. Wash. July 18, 2013)) (citing <u>Voelker v. Kijakazi</u>,

6  2023 WL 3062111, at *7 (E.D. Cal. Apr. 24, 2023)); <u>see also Voelker</u>, 2023 WL 3062111, at *7

7  ("it is well-established that an ALJ may reject a medical opinion, even that of a treating doctor,

8  where it was completed ... years after claimant's date last insured and was not offered as

9  retrospective analysis." (quoting <u>Morgan v. Colvin</u>, No. 6:12-CV-1235-AA, 2013 WL 6074119,

10  at *10 (D. Or. Nov. 13, 2013))).

11      The Court finds the Plaintiff is thus correct in distinguishing the cases cited to by

12  Defendant for focusing on medical records that predated the alleged disability period.  <u>See</u>

13  <u>Gregory E. H. v. Comm'r, Soc. Sec. Admin.</u>, No. 6:20-CV-01559-IM, 2022 WL 843393, at *8

14  (D. Or. Mar. 22, 2022) ("Tellingly, Plaintiff does not cite any language from <u>Smith</u>, which holds

15  that 'reports containing observations made *after* the period for disability are relevant to assess the

16  claimant's disability[,]' . . . [q]uite the contrary, '[m]edical opinions that predate the alleged onset

17  of disability are of limited relevance[,]' [and] [t]hus, any medical opinions predating the alleged

18  onset of disability are not significantly probative and the ALJ need not explain why she rejected

19  them." (quoting <u>Smith</u>, 849 F.2d at 1225; <u>Carmickle</u>, 533 F.3d at 1165)).

20      Defendant does not make any argument concerning whether the opinion is retrospective

21  or analysis under the correct delineation of legal standards applicable to opinions that are issued

22  after the end of the disability period but provide a retrospective opinion, versus opinions that

23  were issued before the alleged onset date, as the Defendant focuses its arguments and citations

24  on.  Here, NP Teran's opinion issued on August 21, 2020, expressly stated that the opined

25  limitations began on October 24, 2018.  (AR 733.)  The Court finds the complete omission of

26  any discussion of NP Teran's opinion was legal error.  <u>See Smith</u>, 849 F.2d at 1225–26; <u>Clark</u>,

27  2022 WL 2437763, at *7; <u>Celia S. V.</u>, 2019 WL 2719410, at *2; <u>Voelker</u>, 2023 WL 3062111, at

28  *7–8 ("With respect to Dr. Amin's 2021 opinion, Plaintiff does not establish that the opinion was

1    offered retrospective to a time prior to Plaintiff's date last insured of December 31, 2017 . . .

2    [t]hus, the ALJ did not err in deeming Dr. Amin's 2021 opinion not persuasive during the

3    relevant period . . . Dr. Amin's 2020 opinion, however, is different [as] [t]hat opinion <u>was</u>

4    retrospectively offered, as Dr. Amin indicates that the impairments found therein had existed

5    since <u>2013</u> . . . [and] [a]s such, it <u>is</u> relevant to the period at issue, and the persuasiveness of the

6    opinion, specifically its supportability and consistency, should have been assessed." (emphasis in

7    original)); <u>c.f.</u> <u>Lo v. Kijakazi</u>, No. 122CV00524JLTHBK, 2023 WL 4564837, at *5 (E.D. Cal.

8    July 17, 2023) ("Here, Plaintiff points to no specific evidence showing that the cited treatment

9    records and Dr. Popper's opinion is retrospective to Plaintiff's ability to perform work-related

10   activities during the relevant adjudicatory period."); <u>Ontiveros v. Comm'r of Soc. Sec. Admin.</u>,

11   No. CV-22-00670-PHX-JAT, 2023 WL 4230497, at *3 (D. Ariz. June 28, 2023) ("Evidence,

12   specifically testimony, about the claimant from before or after this period can be looked to, but

13   only for the limited purpose of assessing whether claimant was under a disability before the date

14   last insured . . . evidence relating to the patient's condition after the date last insured is only

15   "relevant to an evaluation of the pre-expiration condition[,]' any evidence that shows a

16   deterioration in claimant's condition after the date last insured 'is, of course, irrelevant[,]' [and]

17   [t]hus, an ALJ need not consider evidence showing that a claimant became disabled after the

18   eligible period." (first quoting <u>Smith</u>, 849 F.2d at 1225; then quoting <u>Waters v. Gardner</u>, 452

19   F.2d 855, 858 (9th Cir. 1971))).

20         3.   <u>The Court finds Remand is Appropriate</u>

21         As noted above, Defendant does not expressly argue the error is harmless, and to the

22   extent the statement in the footnote, (Opp'n 6 n.3), is such an argument, the Court finds it

23   insufficient for the Court to conclude the error is harmless given the ALJ did not discuss NP

24   Teran's opinion at all.  <u>Voelker</u>, No. 1:22-CV-00301-SKO, 2023 WL 3062111, at *8 n.6 ("The

25   Acting Commissioner devotes a portion of its brief to addressing why Dr. Amin's opinions were

26   neither consistent with nor supported by the medical record[,] . . .[b]ut the ALJ did not undertake

27   this assessment in the first place, and the Court's review is limited to the rationale provided by

28   the ALJ [and] [a]s such, the Court does not consider post-hoc rationalizations and inferences

1  advanced by the Acting Commissioner to justify the ALJ's rejection of Dr. Amin's 2020

2  opinion." (citations omitted)).

3       The Court finds remand is the appropriate remedy.  The ordinary remand rule provides

4  that when "the record before the agency does not support the agency action, . . . the agency has

5  not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the

6  challenged agency action on the basis of the record before it, the proper course, except in rare

7  circumstances, is to remand to the agency for additional investigation or explanation." Treichler

8  v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).  This applies equally in

9  Social Security cases.  Treichler, 775 F.3d at 1099.  Under the Social Security Act "courts are

10 empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without

11 remanding the cause for a rehearing.' " Garrison, 759 F.3d at 1019 (quoting 42 U.S.C. § 405(g)).

12 The decision to remand for benefits is discretionary.  Treichler, 775 F.3d at 1100.  In Social

13 Security cases, courts generally remand with instructions to calculate and award benefits when it

14 is clear from the record that the claimant is entitled to benefits.  Garrison, 759 F.3d at 1019.

15 Even when the circumstances are present to remand for benefits, "[t]he decision whether to

16 remand a case for additional evidence or simply to award benefits is in our discretion."

17 Treichler, 775 F.3d at 1102 (quoting Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir. 1989)).

18       The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which

19 must be satisfied in order for a court to remand to an ALJ with instructions to calculate and

20 award benefits: (1) the record has been fully developed and further administrative proceedings

21 would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

22 rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly

23 discredited evidence were credited as true, the ALJ would be required to find the claimant

24 disabled on remand."  Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  The credit as true

25 doctrine allows "flexibility" which "is properly understood as requiring courts to remand for

26 further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an

27 evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.

28 Garrison, 759 F.3d at 1021.

1    The Court finds that based on the ALJ's opinion and review of the record, significant
2    doubts remain as to whether Plaintiff is in fact disabled.  The Court orders this action remanded
3    for further administrative proceedings consistent with this opinion, and to further develop the
4    record as deemed necessary.

5                                              **V.**

6                              **CONCLUSION AND ORDER**

7    For the reasons explained above, the Court finds the ALJ erred by failing to discuss NP
8    Teran's medical opinion, that such error has not been demonstrated to be harmless, and that
9    remand is appropriate for further consideration of this case by the agency.  The Court finds it
10   unnecessary to discuss Plaintiff's other challenges in light of the fact the ALJ will review the
11   entire record and issue a new opinion.

12   Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment
13   is GRANTED, Defendant's cross-motion for summary judgment is DENIED, Plaintiff's appeal
14   from the decision of the Commissioner of Social Security is GRANTED, and this matter is
15   remanded back to the Commissioner of Social Security for further proceedings consistent with
16   this order.  It is FURTHER ORDERED that judgment be entered in favor of Plaintiff Maria De
17   La Luz Garcia de Carrillo, and against Defendant Commissioner of Social Security.  The Clerk
18   of the Court is directed to CLOSE this action.

19

20   IT IS SO ORDERED.

21   Dated:   __**August 10, 2023**__                    _____

22                                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28